IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-01181-KLM

GOLIGHT, INC.,
a Nebraska corporation,

      Plaintiff,

v.

AAC ENTERPRISES, LLC, d/b/a ORACLE LIGHTING,
a Louisiana corporation, and
AAC ENTERPRISES, INC., d/b/a ORACLE LIGHTING,
a Delaware corporation,

      Defendants.

---

### FIRST AMENDED COMPLAINT AND JURY DEMAND

---

      Plaintiff Golight, Inc. ("Golight"), by and through its undersigned attorneys, for its First Amended Complaint against AAC Enterprises, LLC and AAC Enterprises, Inc. (collectively, "Defendants" or "Oracle") states as follows:

## I.      PARTIES

      1.      Golight is a Nebraska corporation, having its principal place of business at 37146 Old Hwy 17, Culbertson, Nebraska 69024.

      2.      Upon information and belief, Defendant AAC Enterprises, LLC is a corporation formed under the laws of the state of Louisiana with a principal place of business at 4401 Division Street, Metairie, Louisiana 70002.  Upon information and belief, Defendant AAC Enterprises, LLC is in the business of selling automotive lighting, and commercial and residential lighting, along with other custom lighting solutions.

3.      Upon information and belief, Defendant AAC Enterprises, Inc. is a corporation formed under the laws of Delaware with a principal place of business at 4401 Division Street, Metairie, Louisiana 70002.  Upon information and belief, Defendant AAC Enterprises, Inc. is in the business of selling automotive lighting, and commercial and residential lighting, along with other custom lighting solutions.

## II.      JURISDICTION AND VENUE

4.      This is a civil action to combat Defendants' federal trade dress infringement and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); Defendants' trade dress infringement, unfair competition and unjust enrichment in violation of the common law of the State of Colorado; Defendants' infringement of one utility patent in violation of 35 U.S.C. § 271; Defendants' violation of the Colorado Consumer Protection Act, §§ 6-1-101 through 115; and for an accounting and entry of a constructive trust.

5.      This Court has original subject matter jurisdiction over this case and the parties pursuant to the Lanham Act, 15 U.S.C. §§ 1051 et. seq., 28 U.S.C. §§ 1331 and 1338(a), and supplemental jurisdiction under 28 U.S.C. §§ 1367(a).

6.      This Court has personal jurisdiction over Defendants because upon information and belief, Defendants conduct extensive commercial activities in all fifty states, offering their products through over 300 retail store locations throughout the United States, and various online stores, such as www.automotivelightstore.com.  Upon additional information and belief, at least one retail store is located in Englewood, Colorado and is a listed authorized distributor of Oracle's products.  Upon further information and belief, Defendants also serve customers outside of the United States.  In addition to Defendants' actual retail activity in this district, and based upon their

extensive commercial activities and presence, it is foreseeable that Defendants conduct regular business within this judicial district and that Defendants have availed themselves of the laws of Colorado.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

### III.      GENERAL ALLEGATIONS

#### A.      Golight's Trade Dress

8.      Throughout the United States, Golight has offered for sale and sells a variety of halogen, thermal, LED and HID style portable and permanent mounted lights (the "Original Golight Products"). A true and accurate photograph of an Original Golight Product is attached hereto as Exhibit 1 and incorporated herein by reference. Over the past twenty years, Golight has become recognized as an innovator and technology leader in the lighting industry. In 1995 Golight received the 1995 Farm Industry News' Innovation and Readers' Choice Award and the Project O.N.E. Award from the Nebraska Center for Productivity and Entrepreneurship at the University of Nebraska-Lincoln. The Original Golight Products have also received recognition by industry publications, such as Powerboat Reports. A true and accurate copy of an article from Powerboat Reports is attached hereto as Exhibit 2 and incorporated herein by reference.

9.      Golight has expended substantial resources in designing, manufacturing, promoting, marketing, advertising, distributing and selling the Original Golight Products, including through its use of various brands and creative and distinctive packaging, throughout the United States.

10.     The Original Golight Products have enjoyed considerable commercial success since 1994. Golight has spent a substantial amount of money, over $4 million alone, on advertising

and promotion related to the Original Golight Products from 1994 to the present.  Sales of the Original Golight Products have resulted in over $142 million in revenue from 1994 to the present.

11.     Golight is, and at all relevant times mentioned herein was, the lawful owner of the valid and protectable trade dress associated with its distinctive Original Golight Products, which includes the combination of the rectangular base with smooth corners, the substantially rectangular housing for the lights that is tapered towards the back, the cylindrical support structure for the housing, the size, and the black and white solid colors associated with the Original Golight Products, as shown in Exhibit 1 (collectively the "Original Golight Trade Dress").

12.     For at least the past seven years, the Original Golight Products have continuously included the Original Golight Trade Dress, and have further included the same packaging as shown in Exhibit 1 hereto.  As a result of this continuous use, coupled with the substantial resources expended in designing, manufacturing, promoting, marketing, advertising, distributing and selling the Original Golight Products, the Original Golight Trade Dress has become widely and favorably known as identifying the Original Golight Products originating from, sponsored by or associated with Golight.  The public has come to associate the distinctive Original Golight Trade Dress as a source of high quality and authentic Golight Products.

13.     The Original Golight Trade Dress has acquired distinctiveness.  In addition, the Original Golight Trade Dress is neither functional nor essential to the use or purpose of the Original Golight Products.

14.     Golight has taken affirmative steps to alert others of Golight's rights in the Original Golight Trade Dress.  For instance, in approximately 2013, Golight began marking all of its product packaging with the following:

**Definitively GOLIGHT®**

When you see the distinctive, multi-contoured shape and rugged look of our lights,
You know it's a GOLIGHT®. This original is an authentic design of Golight, Inc.

A true and accurate copy of a photograph taken of the Golight Product packaging displaying this

language is attached hereto as Exhibit 3 and incorporated herein by reference.

15.     Golight's advertising and promotion of the Original Golight Products, including the

packaging of those Products, draws attention to the Original Golight Trade Dress and encourages

consumers to associate the Original Golight Trade Dress with Golight and its related brands.

16.     Through Golight's continual use of the Original Golight Trade Dress, and the

considerable time, effort, money and other resources spent advertising and promoting the Original

Golight Trade Dress, the Original Golight Trade Dress has come to serve as an identifier of source

of the Original Golight Products among consumers of portable and permanent mounted lights.

Golight has built significant goodwill in the Original Golight Trade Dress and, as a result of the

foregoing, the Original Golight Trade Dress has acquired secondary meaning among the relevant

trade as a symbol identifying Golight as the source or origin of the Original Golight Products.

**B.     Golight's Patent Rights**

17.     U.S. Patent No. 9,255,687 ("the '687 Patent") for a "LED System and Housing for

Use With Halogen Light Fixtures" was duly and legally issued on February 9, 2016.  A true and

correct copy of the '687 Patent is attached hereto as Exhibit 4 and incorporated herein by reference.

By assignment, Golight owns all right, title and interest in and to the '687 Patent.

18.     The invention of the '687 Patent, as reflected in Claim 6, is directed towards a

lighting system which can accommodate a variable number of light-emitting diodes (LEDs):

6.  A light system comprising:

a housing means supporting a plurality of light emitting diodes;

a lens means attached to said housing means over said plurality of light emitting diodes; and

said lens means comprising a series of semicircular monolithic protrusions having a roughly circular border mounted in a single lens piece;

said plurality of semicircular monolithic protrusions extending along at least two axes in a substantially flat plane;

wherein said plurality of monolithic protrusions is adapted to merge individual beams of light into a combined single beam of light.

## IV.   DEFENDANTS' UNLAWFUL CONDUCT

19.     In approximately 2015, Golight became aware that Defendants were manufacturing, having made, distributing, offering for sale and/or selling lights that are similar to the Original Golight Products as shown in Exhibit 10 hereto.  True and accurate photographs of Defendants' lights are attached hereto as Exhibit 10 and incorporated herein by reference.

20.     Upon information and belief, Defendants also maintain a website www.oraclelights.com and advertises LED Portable Search Lights for use on automobiles and off-road vehicles on the website.  Upon information and belief, Defendants have promoted, marketed, advertised, distributed, offered for sale and/or sold infringing searchlights on their website, including to customers located in Colorado.

21.     Upon information and belief, Defendants were aware of the Original Golight Trade Dress and appreciated the benefits of the Original Golight Trade Dress prior to manufacturing, distributing, offering for sale or selling the products shown in Exhibit 10.

22.    Golight has not consented to nor authorized Defendants' use of the Original Golight Trade Dress in any way.

23.    Golight does not have control over the quality, pricing or nature of the lights distributed and sold by Defendants, which infringe upon the Original Golight Trade Dress.

24.    Upon information and belief, Defendants have manufactured, or had another party manufacture, offered for sale, sold, and continue to sell in the United States LED light products called the "3" 20W 4D Optic LED Square Spot," as shown in Exhibit 5, "5" 21 W 7 LED Round Spotlight – Part #5718," as shown in Exhibit 6, and the "50W LED Portable Search Light," as shown in Exhibit 7, which infringe the '687 Patent (the "Accused Products").  True and accurate copies of website printouts showing the Accused Products are attached hereto as Exhibits 5-7 and are incorporated herein by reference.

25.    Also upon information and belief, Defendants have manufactured, or had another party manufacture, offered for sale, sold, and continue to sell in the United States replacement LED light products with the "5" 36 W LED Headlamp Replacement", as shown in Exhibit 8, and the "4x6" 45 W LED Headlamp Replacement", as shown in Exhibit 9, (also referred to as the "Accused Products", collectively with the products in Paragraph 23).

26.    Upon information and belief, Defendants are manufacturing, importing, selling and/or distributing the Accused Products in willful violation of Golight's exclusive rights in the '687 Patent.  To the extent one or more elements of the '687 Patent are not directly literally infringed, those elements are infringed under the doctrine of equivalents.

27.    Specifically, the Accused Products contain all of the elements disclosed in at least Claim 6 of the '687 Patent:

| A light system comprising: |  |  |  |
|---|---|---|---|
| a housing means supporting a plurality of light emitting diodes; |  |  |  |
| | Housing ||||
| | Each of the Accused Products is advertised as containing multiple LEDs. (Exhibits 5-9.) ||||
| a lens means attached to said housing means over said plurality of light emitting diodes; and |  |  |  |
| | Lens ||||
| | As shown, each lens that holds the LEDs is attached to the housing. ||||

| | |
|---|---|
| said lens means comprising a series of semicircular monolithic protrusions having a roughly circular border mounted in a single lens piece; |   <br><br>Each LED is semicircular with a circular border, and protrudes from the surface of the lens. |
| said plurality of semicircular monolithic protrusions extending along at least two axes in a substantially flat plane; |   <br><br>As shown, the protrusions are arranged in both horizontal and vertical axes. |
| wherein said plurality of monolithic protrusions is adapted to merge individual beams of light into a combined single beam of light. |   <br><br>Lens<br><br>The plano-convex shape of the protrusions will merge individual beams into a combined beam of light.  In addition, Oracle Lights advertises that the "3" 20W 4D Optic LED Square Spot" and "50W LED Portable Search Light" Accused Products allow for "precision spot illumination" or "spotlight" beam, respectively. (*See* Exhibits 5, p. 1, and 7, p. 5.) |

28.     Defendants' replacement LED light products also contain all of the elements disclosed in at least Claim 6 of the '687 Patent:

| A light system comprising: |  |
| --- | --- |
| a housing means supporting a plurality of light emitting diodes; | Each of the Accused Products is advertised as containing multiple LEDs. (Exhibits 5-9.) |
| a lens means attached to said housing means over said plurality of light emitting diodes; and | |

| | |
|---|---|
| | <br><br>Lens<br><br>As shown, each lens that holds the LEDs is attached to the housing. |
| said lens means comprising a series of semicircular monolithic protrusions having a roughly circular border mounted in a single lens piece; | <br><br>Each LED is semicircular with a circular border, and protrudes from the surface of the lens. |
| said plurality of semicircular monolithic protrusions extending along at least two axes in a substantially flat plane; |   |

| | |
|---|---|
| | As shown, the protrusions are arranged in both horizontal and vertical axes. |
| wherein said plurality of monolithic protrusions is adapted to merge individual beams of light into a combined single beam of light. | <br>Lens<br><br>The plano-convex shape of the protrusions will merge individual beams into a combined beam of light.  In addition, Oracle advertises that "5" 36 W LED Headlamp Replacement", and the "4x6" 45 W LED Headlamp Replacement" Accused Products fits any vehicles that requires "4"x6" ***sealed beam*** headlight" (emphasis added).  (*See* Exhibits 8, p. 1, and 9, p. 1.) |

29.      Also upon information and belief, Defendants' 50W LED Portable Search Light ("Portable Search Light") also incorporates the Original Golight Trade Dress.

30.      Upon information and belief, Defendants adopted, are using, and intend to continue to use the infringing packaging of the Portable Search Light despite actual knowledge of Golight's exclusive rights in the Original Golight Trade Dress.

31.      Defendants have misappropriated Golight's substantial property rights in the Original Golight Trade Dress, as well as the substantial goodwill associated with the Original Golight Trade Dress and the Original Golight Products.  Unless Defendants are restrained by this Court, such conduct will permit Defendants to gain an unfair competitive advantage over Golight,

allow Defendants to be unjustly enriched, allow Defendants to palm off products of Defendants as being produced, sponsored, affiliated or authorized by Golight, and otherwise enjoy the selling power of the Original Golight Products.  If Defendants are permitted to continue their infringing and unlawful acts, those actions will continue to cause irreparable injury to Golight and to the consuming public, for which there is no adequate remedy at law.

## V.     FIRST CLAIM FOR RELIEF
### (Federal Trade Dress Infringement)

32.     Golight realleges and incorporates by reference the allegations contained in each of the paragraphs above.

33.     Defendants have infringed and continue to infringe the Original Golight Trade Dress by copying the Original Golight Trade Dress, or a colorable imitation thereof, in their Portable Search Light, and thereafter using, selling or distributing the Portable Search Light within this District and elsewhere throughout the United States.

34.     Upon information and belief, the design of the Portable Search Light has been designed to include the same or substantially the same look as the Original Golight Trade Dress, such as to cause confusion and deceive purchasers into purchasing one supposing it to be the other.

35.     The acts of Defendants, as alleged herein, constitute trade dress infringement in violation of Section 1125(a) of the Lanham Act.  Unless restrained and enjoined, Defendants' acts of infringement will cause Golight irreparable injury.  Golight has no adequate remedy at law for the injuries that have been, and will continue to be, sustained as a result of Defendants' conduct.

36.     As a direct and proximate result of the aforesaid conduct, Golight has further sustained damages in an amount to be proven at trial.  Golight has further incurred, and will continue to incur attorneys' fees and costs arising from the acts of Defendants as alleged herein.

37.     Upon information and belief, the acts of Defendants were willful and malicious and done with the intent to injure Golight.  Therefore, Golight is entitled to recover, and hereby requests, exemplary and/or punitive damages from Defendants.

## VI.     SECOND CLAIM FOR RELIEF
### (Federal Unfair Competition)

38.     Golight realleges and incorporates by reference the allegations contained in each of the paragraphs above.

39.     The acts of Defendants, as alleged herein, constitute unfair competition in violation of Section 1125(a) of the Lanham Act.

40.     As a direct and proximate result of the aforesaid conduct, Golight has sustained damages in an amount to be proven at trial.  Golight has further incurred, and will continue to incur attorneys' fees and costs arising from the acts of Defendants as alleged herein.

41.     Unless restrained and enjoined, Defendants' acts of unfair competition will cause Golight irreparable injury.  Golight has no adequate remedy at law for the injuries that have been, and will continue to be, sustained as a result of Defendants' conduct.

42.     Upon information and belief, the acts of Defendants were willful and malicious and done with the intent to injure Golight.  Therefore, Golight is entitled to recover, and hereby requests, exemplary and/or punitive damages from Defendants.

## VII.    THIRD CLAIM FOR RELIEF
### (Colorado Common Law Trade Dress Infringement)

43.     Golight realleges and incorporates by reference the allegations contained in each of the paragraphs above.

44. Golight's use of the Original Golight Trade Dress in the Portable Search Light predates any use by Defendants in the United States.

45. Defendants' acts described herein constitute trade dress infringement in violation of common law.

46. As a direct and proximate result of the aforesaid conduct, Golight has sustained damages in an amount to be proven at trial. Golight has further incurred, and will continue to incur attorneys' fees and costs arising from the acts of Defendants as alleged herein.

47. Upon information and belief, the acts of Defendants were willful and malicious and done with the intent to injure Golight. Therefore, Golight is entitled to recover, and hereby requests, exemplary and/or punitive damages from Defendants.

48. Unless restrained and enjoined, Defendants' acts of infringement will cause Golight irreparable injury. Golight has no adequate remedy at law for the injuries that have been, and will continue to be, sustained as a result of Defendants' conduct.

### VIII. FOURTH CLAIM FOR RELIEF
#### (Colorado Common Law Unfair Competition)

49. Golight realleges and incorporates by reference the allegations contained in each of the paragraphs above.

50. Defendants' conduct constitutes misappropriation of valuable property rights of Golight and trading on the goodwill symbolized by the distinctive Original Golight Trade Dress and the Original Golight Products distinguishing characteristics, and is likely to confuse and deceive members of the purchasing public. By this conduct, Defendants have engaged in unfair competition.

51.     By their conduct, Defendants have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Golight.

52.     Unless restrained and enjoined, Defendants' acts of unfair competition will cause Golight irreparable injury.  Golight has no adequate remedy at law for the injuries that have been, and will continue to be, sustained as a result of Defendants' conduct.

## IX.     FIFTH CLAIM FOR RELIEF
### (Colorado Common Law Unjust Enrichment)

53.     Golight realleges and incorporates by reference the allegations contained in each of the paragraphs above.

54.     As a direct and proximate result of Defendants' infringing and unlawful conduct, Golight has unknowingly conferred upon Defendants a benefit, which Defendants appreciated, under circumstances that would be inequitable for Defendants to retain without payment to Golight.

55.     Unless restrained and enjoined, Defendants' unjust enrichment will cause Golight irreparable injury.  Golight has no adequate remedy at law for the injuries that have been, and will continue to be, sustained as a result of Defendants' conduct.

## X.     SIXTH CLAIM FOR RELIEF
### (Infringement of the '687 Patent)

56.     Golight realleges and incorporates by reference the allegations contained in each of the paragraphs above.

57.     Defendants' activities in making, using, selling and/or offering to sell in the United States and/or importing into the United States the Accused Products constitute direct infringement of the '687 Patent, in violation of 35 U.S.C. § 271(a).

58.     Defendants' actions of making, having made, importing, using or selling products which infringe the '687 Patent have been, and are, willful, deliberate and/or in conscious disregard of Golight's rights, making this an exceptional case within the meaning of 35 U.S.C. § 285 and entitling Golight to an award of its attorneys' fees and treble damages.

59.     Defendants' infringement of the '687 Patent has caused damage to Golight in an amount to be ascertained at trial.

60.     Defendants' infringement of the '687 Patent has caused and will continue to cause irreparable injury to Golight, to which there exists no adequate remedy at law.  Defendants' infringement of the '687 Patent will continue unless enjoined by this Court.

## XI.     EIGHTH CLAIM FOR RELIEF
### (Deceptive Trade Practices Under Colo. Rev. Stat. § 6-1-105)

61.     Golight realleges and incorporates by reference the allegations contained in each of the paragraphs above.

62.     By the actions described above, Defendants have engaged in a deceptive trade practice, as defined by the Colo. Rev. Stat. §§ 6-1-101 et seq.

63.     Upon information and belief, the acts of Defendants have caused and will continue to cause confusion, mistake, or deception among consumers or potential consumers as to the source or origin of Defendants' goods.

64.     Upon information and belief, Defendants' wrongful actions were committed with intent to deceive the public and with willful and wanton disregard of the laws of the State of Colorado and Golight's rights in the Original Golight Trade Dress.

65.     As a result of Defendants' unlawful actions, Golight has suffered commercial harm.

66.     Golight has been and will continue to be irreparably harmed by Defendants' unlawful actions, and Golight has no adequate remedy at law.

## XII.   NINTH CLAIM FOR RELIEF
### (Accounting)

67.     Golight realleges and incorporates by reference the allegations contained in each of the paragraphs above.

68.     Defendants have manufactured, imported, sold, used, and/or distributed products which directly infringe the Original Golight Trade Dress.  The infringement by Defendants has deprived Golight of sales and/or royalties, which it otherwise would have made and resulted in the unjust enrichment of Defendants at the expense and to the detriment of Golight.  Defendants' actions have resulted in improper profits, revenues, and other financial gains to Defendants for which Golight is entitled to reimbursement.

69.     Golight does not know the precise number of infringing products sold or the amount of revenue and profits realized by Defendants, which information is uniquely within the knowledge of Defendants.  Golight is therefore entitled to an accounting, at Defendants' expense, to determine the amount of profits Defendants have unjustly obtained by their acts of infringement.

## XIII.   TENTH CLAIM FOR RELIEF
### (Constructive Trust)

70.     Golight realleges and incorporates by reference the allegations contained in each of the paragraphs above.

71.     All revenue and profits that Defendants have wrongfully and unjustly obtained as a result of their acts of infringement are subject to an equitable lien and constructive trust for the benefit of Golight.  Golight, therefore, requests that this Court impose a constructive trust on the

proceeds of the sales of any infringing products, wrongfully in the hands of Defendants, and the portion thereof which are in the hands of others, whether or not Defendants herein, in order to preserve said proceeds for Golight.

## XIV.   PRAYER FOR RELIEF

WHEREFORE, Golight requests that judgment be entered in its favor and against Defendants as follows:

1.     Declaring that the Original Golight Trade Dress is protectable and infringed by Defendants' Portable Search Light;

2.     Declaring that Defendants have infringed U.S. Patent No. 9,255,687;

3.     Declaring that Defendants' infringement was knowing, intentional, and willful;

4.     Issuing temporary, preliminary, and permanent injunctions enjoining Defendants, their officers, agents, subsidiaries, and employees, and those in privity with or that act in concert with any of the foregoing, from:

     A.     further infringing U.S. Patent No. 9,255,687, pursuant to 35 U.S.C. § 283;

     B.     using the Original Golight Trade Dress (including in connection with the promotion, marketing, advertising, and sale of products), any colorable imitation thereof, or any otherwise confusingly similar mark;

     C.     engaging in any other act or thing likely to confuse, mislead or deceive others into believing that Defendants, or their products, are connected with, sponsored by or approved by Golight; and

> D. engaging in any other activity constituting unfair competition with Golight, or constituting an infringement of Golight's rights in and to the '687 Patent or the Original Golight Trade Dress.

5. Ordering that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendants bearing or using the Original Golight Trade Dress, or any colorable imitation thereof, and all plates, molds, matrices, and other means of making the same, be delivered to Golight for destruction pursuant to 15 U.S.C. § 1118;

6. Ordering Defendants, pursuant to 15 U.S.C. § 1116(a), to file with the Court and serve on Golight's counsel within 30 days after service of the injunction, a written report, sworn under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

7. For an accounting of all profits derived from Defendants' infringement of Golight's Original Golight Trade Dress, at Defendants' expense;

8. For disgorgement of all revenue and profits from Defendants' unfair business practices, including an award of damages available under 15 U.S.C. §§ 1117 and 1125, including for willful violation of § 43(a);

9. Awarding Golight damages arising out of Defendants' infringement of U.S. Patent No. 9,255,687 in an amount not less than the entire profits realized for each act of infringement pursuant to 35 U.S.C. § 284, and trebling those damages pursuant to 35 U.S.C. § 284, together with costs and pre- and post-judgment interest;

10. Finding that this is an "exceptional case" within the meaning of 35 U.S.C. § 285 and awarding reasonable attorneys' fees to Golight;

11.   For imposition of a constructive trust on all revenues and profits from Defendants' infringement of Golight's Original Golight Trade Dress and the '687 Patent;

12.   For exemplary and/or punitive damages;

13.   For the recovery of attorneys' fees, costs, expert witness fees, and pre- and post-judgment interest as permitted by law;

14.   Pre-judgment and post-judgment interest to the extent applicable; and

15.   For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Golight demands a trial by jury on all issues so triable.

Respectfully submitted,

DATED:  August 16, 2016

By:  s/ Ian R. Walsworth
Ian R. Walsworth
iwalsworth@sheridanross.com
Patricia Y. Ho
pho@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, Colorado 80202-5141
Telephone:     303-863-9700
Facsimile:      303-863-0223
E-mail:          litigation@sheridanross.com

ATTORNEYS FOR PLAINTIFF
GOLIGHT, INC.

CERTIFICATE OF SERVICE

I hereby certify that on this August 16, 2016, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel

of record.

s/ Lori R. Brown
Lori R. Brown
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO  80202-5141
Telephone:  303-863-9700
Facsimile:  303-863-0223
Email:  lbrown@sheridanross.com
litigation@sheridanross.com
